# EXHIBIT 1

**Greystone Servicing Company LLC**
152 West 57th Street, 60th Floor
New York, NY 10019
www.greystone.com

GREYSTONE

August 2, 2021

**Delivered via Email**

Mr. David King
CONFI/PII
[redacted]

Dear David:

This letter confirms our offer of employment with Greystone Servicing Company LLC ("Greystone" or "Company"), as follows.

**Position; Duties; Location**. You will be employed by Greystone as a Managing Director – Special Servicing, and you will report to Rob Russell. In that capacity, you will (i) devote your full employment energies, interests, abilities and time to the faithful and diligent performance of your duties and responsibilities and shall not render any similar service to others for compensation or other consideration; (ii) not engage in any business or other activities (for personal gain or otherwise) that conflict with your duties and obligations to Greystone; and (iii) comply with the rules and policies of Greystone and with any applicable laws or regulatory requirements which may govern the conduct of Greystone's business operations or its employees. Your primary office location will be your home office.

**Start Date**. TBD.

**Base Salary.** You will be provided with a base salary of CONFI/PII per year to be paid in twice-monthly increments, and subject to normal withholdings.

**Forgivable Loan**. You will receive payment of CONFI/PII in the form of a forgivable loan, payable in two equal payments, one on the first available pay period after your Start Date and the other on January 31, 2022. The loan shall be forgiven by December 31, 2022 (the "Maturity Date"); provided, however, the loan is forgivable in two installments, if at the respective times you have neither resigned from your employment nor are terminated for Cause (defined in Exhibit A), as follows: Prior to the Maturity Date, CONFI/PII of the loan will be forgiven on the first anniversary of your Start Date, and the remaining CONFI/PII will be forgiven on the Maturity Date. You agree to repay to Greystone any amount not forgiven plus 5 percent compounding interest by the Maturity Date, except that there will be no obligation to repay any outstanding loan balance in the event of your death or "Disability". Any outstanding balance at the time of your death or "Disability" will be forgiven in full. "Disability" shall mean your inability to perform your job duties for Greystone, with or without a reasonable accommodation, on a full-time basis for a period of twelve (12) months due to mental or physical illness that is determined to be total and permanent by a physician. As a condition of receiving this forgivable loan, you shall sign the Promissory Note attached as Exhibit A. Respective portions of the CONFI/PII payment to you become earned income to you at the time of forgiveness.

If you resign or are terminated for Cause (as defined below), this loan and the Promissory Note shall be subject to set-off by Greystone as set forth in the Promissory Note.

**Discretionary Bonus/Vesting.** You will be considered for a bonus, to be determined in the sole discretion of Greystone at the same time and in the same manner as other Greystone employees of similar rank and duties based on the work performed by you and Greystone's performance in the prior year. For calendar year 2021, your discretionary bonus will not be less than [redacted], and for calendar year 2022, your discretionary bonus will not be less than [redacted]. Bonus payments for the prior year are typically paid out the following year from April 15th through March 31st with interest in Greystone's discretion. Bonus payments that may be payable at a future date or over time in more than one payment do not vest, rather, they are only payable for so long as you remain an employee of Greystone. Thus, an employee that leaves Greystone's employ with outstanding unvested bonus payments will have no right or recourse to same.

**Benefits**. When you begin full-time employment, you will be eligible to receive all the benefits that other Greystone employees of similar rank and stature receive. Benefits are effective the first of the month after completing 30 days of employment. You will be eligible to accrue 20 days of paid time off per calendar year.

**Confidentiality.** You acknowledge that you may be furnished with or have access to confidential, proprietary, or trade secret information belonging to Greystone or any of its parents, subsidiaries, and affiliated entities (collectively, including Greystone, the "Greystone Entities"). You agree that you will protect the confidentiality of such information both during and after your employment with Greystone, for so long as it remains a trade secret and/or confidential. Your employment will be subject to the more detailed Confidential Information Policy in Greystone's Employee Manual.

**Non-Solicitation.** You agree that the services that you will render during your employment are unique, special, and of extraordinary character, that the Greystone Entities will be substantially dependent upon such services to develop and market its services and to earn a profit, and that the application of your knowledge and services to any competitive business would be substantially detrimental to the Greystone Entities. Accordingly, during the "Restricted Period," which is defined as the duration of your employment with Greystone (the "Employment Period") plus the twelve (12) month period immediately following the Employment Period, and in consideration for your continued employment by Greystone and the compensation and other benefits described herein, you agree to the following:

You will not, directly or indirectly, (i) contact or communicate with any entities or individuals who were customers, clients, or investors of the Greystone Entities at any point during the Employment Period and with whom you had material contact (hereinafter "Restricted Contacts") for the purpose of soliciting or encouraging to transact business that competes with the Greystone Entities or reduce/refrain from doing any business with the Greystone Entities; (ii) interfere with or damage any business relationship of the Greystone Entities, including, without limitation, any such relationships with Restricted Contacts, suppliers, vendors, consultants, attorneys, or other agents; or (iii) solicit, encourage, or influence any individual who is an employee or independent contractor of the Greystone Entities or was an employee or independent contractor of the Greystone Entities during the twelve (12) months preceding the date of your termination, to either (a) terminate his or her employment or independent contractor relationship with the Greystone Entities, (b) apply for or accept employment, work, or an independent contractor relationship with any person or

entity other than the Greystone Entities, or (c) otherwise employ or retain any such individual.

You acknowledge that the covenants contained in the preceding paragraph are reasonable in temporal scope, and in all other respects. If any court determines that any of such covenants, or any part thereof, are unenforceable, then (1) the remainder of such covenants shall not be affected by such determination and (2) those of such covenants that are determined to be unenforceable because of the duration or scope thereof shall be reformed by the court to reduce their duration or scope only to the least extent required to render the same enforceable.

**At-Will Employment**. If you choose to accept this offer, please understand your employment is "at-will," voluntarily entered into and is for no specific period. As a result, you are free to resign at any time, for any reason or for no reason. Similarly, Greystone is free to conclude its at-will employment relationship with you at any time, with or without Cause.

If you are in agreement with these terms, please sign a copy of this letter.

Sincerely,

GREYSTONE SERVICING COMPANY LLC

DocuSigned by:
Victoria Spevacek
8723312C66E1499...

Victoria Spevacek
Chief Human Resources Officer

**ACKNOWLEDGED AND AGREED**

All hiring and employment at Greystone is at will. I understand this offer of employment is not an employment contract, nor can it be used to create one. Employment by Greystone has no specific term and may be terminated by the employee or Greystone with or without notice. I acknowledge that Greystone has not made any promises or representations that differ from those contained in this paragraph.

DocuSigned by:
David King
0F8589E125DD458...

8/2/2021

David King — Date

**EXHIBIT A**

PROMISSORY NOTE

1. I, David King, intending to be legally bound, hereby promise and agree to repay to Greystone Servicing Company LLC (“Greystone”) [redacted] ([redacted], on December 31, 2022 (the “Maturity Date”) plus 5 percent compounding interest; provided, however, the loan is forgivable in two installments, if at the respective times I have neither resigned from my employment and have not been terminated for Cause (defined below), as follows: Prior to the Maturity Date, [redacted] will be forgiven on the first anniversary of my Start Date; and [redacted] will be forgiven on the Maturity Date.

2. This note shall become due and payable immediately upon the foregoing terms, less any amount that I have previously repaid or has been forgiven, without demand or notice, in the event my employment with Greystone ends due to my resignation or termination for Cause before the Maturity Date; provided, however, that there will be no obligation to repay any outstanding loan balance in the event of my death or “Disability”. Any outstanding balance at the time of my death or “Disability” will be forgiven in full. “Disability” shall mean my inability to perform my job duties for Greystone, with or without a reasonable accommodation, on a full-time basis for a period of twelve (12) months due to mental or physical illness that is determined to be total and permanent by a physician.

3. If I resign or am terminated for Cause (as defined below), Greystone is hereby authorized by me to the fullest extent permitted by law, to set off and apply any and all indebtedness at any time owing by Greystone or any affiliate of Greystone to me or for my credit or my account against any and all of the obligations of mine under this Note, whether or not Greystone shall have made any demand under this Note and although such obligations may be unmatured. Greystone may do same without notice (and such notice is expressly waived by me). The rights of Greystone under this Section are in addition to any other rights and remedies (including, without limitation, other rights of setoff) that Greystone may have.

4. The term “Cause” shall mean: I (i) failed, neglected, or refused to perform any of the lawful material employment duties assigned to me which resulted in material damage to the Greystone Affiliates (defined below); (ii) committed a willful, intentional, or grossly negligent act that resulted in material injury to the interest, business, or reputation of Greystone or any of its parents, subsidiaries, and affiliates (collectively, including Greystone, the “Greystone Affiliates”); (iii) violated or failed to comply in any material respect with Greystone’s published rules, regulations, or policies, as in effect or amended from time to time which resulted in material damage to the Greystone Affiliates; (iv) committed an act resulting in your conviction of either (A) a felony or (B) a misdemeanor that involves fraud, theft, or dishonesty; or you are found liable pursuant to legal process for (C) misappropriation or embezzlement of any property of the Greystone Affiliates (whether or not such act constitutes a felony or misdemeanor).

5. Should the principal due under this Promissory Note not be paid when due, it shall thereafter bear interest at the rate of five percent (5%) per annum. If the interest payable hereunder shall at any time exceed the maximum rate of interest permitted by law, the interest payable hereunder shall be reduced to that of the maximum legal rate permitted, or otherwise made to conform with state or federal law.

6. In the event that any provision contained in this Promissory Note shall be determined to be invalid, illegal or unenforceable in any respect for any reason, the validity, legality and enforceability of any such provision in every other respect and the remaining provisions of this Promissory Note shall not, at the election of the party for whose benefit the provision exists, be in any way impaired. Notwithstanding the foregoing, if any such provision determined to be invalid, illegal or unenforceable may be valid, legal or enforceable by modification thereof, then a court or other entity construing this Promissory Note may interpret or modify it as may be necessary to ensure its enforceability. If necessary, I will sign a new or supplemental Promissory Note without receiving any additional consideration because this Promissory Note was provided in the expectation that it would be fully enforceable.

7. This Promissory Note shall be construed under the laws of the state of New York.

AGREED:

_____________________________ _____________________________

David King Date