# EXHIBIT 4

GREYSTONE

152 WEST 57TH ST.
60TH FLOOR
NEW YORK, NY 10019
PHONE: 212.649.9700
FAX: 212.649.9701

January 6, 2020

Greg Frederking
CONFI/PII [redacted]

***Via Email***
CONFI/PII [redacted]

Dear Greg:

This letter confirms our offer of employment as Director with Greystone Servicing Company LLC ("Greystone") reporting to Barry Davis as follows:

| | |
|---|---|
| Salary: | CONFI/PII [redacted] per year paid as part of our twice-monthly payroll, paid on the 15th and 30th of each month, subject to normal withholdings. |
| Start Date: | January 18, 2020. You will report to the office of C-III Asset Management LLC located in Dallas, Texas. |
| Bonus: | You will be considered for a bonus, to be determined in the sole discretion of Greystone at the same time and in the same manner as other Greystone employees of similar rank and duties based on the work performed by you and Greystone's performance in the prior year. Bonus payments for the prior year are typically paid out the following year from April 1st through December 31st with interest. Bonus payments that may be payable over time do not vest, rather, they are only payable for so long as you remain an employee of Greystone. Thus, an employee that leaves Greystone's employ with outstanding unvested bonus payments will have no right or recourse to same. |
| Benefits: | When you begin full-time employment, you will be eligible to receive all the benefits that other Greystone employees of similar rank and stature receive. Benefits are effective as of February 1, 2020. An overview of Greystone's benefit plans is attached. |
| Paid Time Off: | You will accrue 20 days of paid time off per calendar year. |

**Non-Solicitation**

You agree that the services that you will render during your employment are unique, special, and of extraordinary character, that the Greystone and its affiliates, the "Greystone Entities" will be substantially dependent upon such services to develop and market its services and to earn a profit, and that the application of your knowledge and services to any competitive business would be substantially detrimental to the Greystone Entities. Accordingly, in further consideration for your employment by Greystone and the compensation and other benefits described herein, you agree that during the "Restricted Period," which is defined as the duration of your employment with Greystone (the "Employment Period") plus the twelve (12) month period immediately following the Employment Period, you will not, directly or indirectly:

(i) contact or communicate with any entities or individuals who were customers, clients, or investors of the Greystone Entities at any point during the Employment Period, and with whom you had material contact during that Employment Period (hereinafter "Restricted Contacts"), for the purpose of soliciting or encouraging those Restricted Contacts (a) to transact business that competes with the Greystone Entities or (b) to reduce/refrain from doing any business with the Greystone Entities; (ii) interfere with or damage any business relationship of the Greystone Entities, including, without limitation, any such relationships with Restricted Contacts, suppliers, vendors, consultants, attorneys, or other agents; or (iii) solicit, encourage, or influence any individual who is an employee or independent contractor of the Greystone Entities or was an employee or independent contractor of the Greystone Entities during the twelve (12) months preceding the date of your termination, to either (a) terminate his or her employment or independent contractor relationship with the Greystone Entities, (b) apply for or accept employment, work, or an independent contractor relationship with any person or entity other than the Greystone Entities, or (c) otherwise employ or retain any such individual.

You acknowledge that the covenants contained in the preceding paragraph are reasonable in temporal scope, and in all other respects. If any court determines that any of such covenants, or any part thereof, are unenforceable, then (1) the remainder of such covenants shall not be affected by such determination and (2) those of such covenants that are determined to be unenforceable because of the duration or scope thereof shall be reformed by the court to reduce their duration or scope only to the least extent required to render the same enforceable.

**At-Will Employment**

If you choose to accept this offer, please understand your employment is "at-will," voluntarily entered into, and is for no specific period. As a result, you are free to resign at any time, for any reason or for no reason. Similarly, Greystone is free to conclude its at-will employment relationship with you at any time, with or without cause.

If you are in agreement with these terms, please sign a copy of this letter and return to me via DocuSign no later than January 10, 2020. Upon acceptance, you will receive an email communication from our Onboarding team with instructions to begin completing your new hire documents.

We look forward to you joining the Greystone team! Please do not hesitate to contact me should you have any questions.

Sincerely,

GREYSTONE SERVICING COMPANY LLC

DocuSigned by:
Victoria Spevacek
8723312C66E1499...
Victoria Spevacek
Chief Human Resources Officer

**Signed and Acknowledged**

All hiring and employment at Greystone is at will. I understand this offer of employment is not an employment contract, nor can it be used to create one. Employment by Greystone has no specific term and may be terminated by the employee or Greystone with or without notice. I acknowledge that Greystone has not made any promises or representations that differ from those contained in this paragraph.

DocuSigned by:
Greg Frederking
C05F4AC9BF6245B...
Greg Frederking