# EXHIBIT 20

JacksonLewis

Jackson Lewis P.C.
11790 Sunrise Valley Drive
Suite 400
Reston VA 20191
(703) 483-8300 Main
(703) 483-8301 Fax
jacksonlewis.com

THOMAS P. MURPHY
(703) 483-8305 DIRECT
THOMAS.MURPHY@JACKSONLEWIS.COM

****** CEASE AND DESIST ******

****** CONFIDENTIAL ******

May 27, 2026

**<u>VIA EMAIL AND FEDERAL EXPRESS</u>**

Mr. Jason Price
CONFI/PII [redacted]

**Re: <u>Investigation of Breach of Your Non-Solicitation Obligations to Greystone</u>**

Dear Mr. Price:

This firm represents Greystone Servicing Company LLC, and its affiliates (“Greystone” or the “Company”).

Greystone has engaged this firm to assist and advise it in the investigation of your post-employment compliance with the terms of a non-solicitation provision set forth in an Employment Agreement (“Agreement”) with Greystone entered into at the inception of your employment with Greystone. Greystone previously notified you of your duties of non-solicitation by letter dated February 12, 2026, and you acknowledged receipt of the February 12th letter and your agreement to comply with your obligations regarding non-solicitation. There is reason to believe that your wrongful activity continued after receiving the February 12th letter demanding that you cease and desist from wrongful solicitation of Greystone employees despite your agreement to cease the wrongful behavior. Particular focus is on your actions while employed with CWCapital Asset Management LLC (or its affiliate, as may be applicable, “CWCapital”).

Your non-solicitation obligations under the Agreement are clearly spelled out as follows:

> “**<u>Non-Solicitation</u>**. During the ‘Restricted Period,’ which is defined as the duration of your employment with Greystone (the ’Employment Period’) plus the twelve (12) month period immediately following the Employment Period ... [you] will not,

> directly or indirectly: (i) contact or communicate with any entities or individuals who were customers, clients, or investors of the Greystone Entities at any point during the Employment Period, and with whom you had material contact during that Employment Period (hereinafter 'Restricted Contacts'), for the purpose of soliciting or encouraging those Restricted Contacts (a) to transact business that competes with the Greystone Entities or (b) to reduce/refrain from doing any business with the Greystone Entities; (ii) interfere with or damage any business relationship of the Greystone Entities, including, without limitation, any such relationships with Restricted Contacts . . . (iii) solicit, encourage, or influence any individual who is an employee or independent contractor of the Greystone Entities during the twelve (12) months preceding the date of your termination to either (a) terminate his or her employment or independent contractor relationship with the Greystone Entities, (b) apply for or accept employment, work, or an independent contractor relationship with any person or entity other than the Greystone Entities, or (c) otherwise employ or retain any such individual."

While our investigation is ongoing, evidence uncovered to date reveals that, after receiving an offer of employment from CWCapital and/or while employed at CWCapital and within the restricted period under the non-solicitation provision of your Agreement, you contacted one or more Greystone employees with the intention to solicit them to leave Greystone and become employed by CWCapital. If true, you are in breach of your contractual and common law obligations with respect to non-solicitation and it would be Greystone's intention to take appropriate legal action to protect its interests, including but not limited to commencing a legal action against you personally for damages caused by your breach. Please take notice that you have a duty under applicable law to preserve any and all documents and communications relating to these issues, including those on any personal devices, and destruction thereof is a separate actionable act.

Accordingly, Greystone hereby demands that you:

1. Immediately cease and desist from any further direct or indirect solicitation of, communication to, or contact with any Greystone employee for purposes of recruitment or employment with CWCapital or any other entity;

2. Immediately cease and desist from any further direct or indirect solicitation, communication, or contact with any Restricted Contact for any purpose;

3. Confirm in writing that you will comply fully with your contractual obligations under your Agreement; and

4. Provide written confirmation that you have not solicited any other Greystone employees or Restricted Contacts, and if you have, identify those individuals and the dates of such communications.

Greystone expressly reserves all of its rights and remedies, whether pursuant to the Agreement, at law, in equity or otherwise, including but not limited to injunctive relief, monetary damages, attorneys' fees, and any other appropriate relief should you fail to comply with your contractual and legal obligations. Nothing in this letter shall constitute a waiver or release of any rights, claims, or causes of action Greystone may have, all of which are expressly reserved.

If you have counsel, please forward this letter to them and have them contact us by no later than May 29, 2026.

Very truly yours,

**JACKSON LEWIS P.C.**

Thomas P. Murphy
Joseph E. Schuler

cc: Greg Lyss, Greystone
Nelson Phelps, CWCapital