**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| GREYSTONE SERVICING COMPANY LLC,<br><br>Plaintiff,<br><br>v.<br><br>CWCAPITAL ASSET MANAGEMENT LLC and DAVID KING,<br><br>Defendants. | ) | Civil Action No. 1:26-cv-02014 |

**RULE 26(f) JOINT PROPOSED DISCOVERY PLAN**

Plaintiff Greystone Servicing Company LLC ("Greystone" or "Plaintiff") and Defendants CWCapital Asset Management LLC ("CW") and David King ("King") (together, "Defendants") (collectively, the "Parties"), by and through their undersigned counsel, submit this Rule 26(f) Joint Proposed Discovery Plan.

## I. Conference of the Parties

The Parties have conferred in accordance with Rule 26(f) to consider claims, defenses, the possibility of a prompt settlement, trial before a magistrate judge, disclosures as required by Rule 26(a)(1), and preservation of discoverable information and to develop this proposed discovery plan.

## II. Initial Disclosures

The Parties stipulate and agree that the initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) will be exchanged on September 9, 2026. The Parties do not foresee any need to change the form or requirements for disclosure under Rule 26(a)(1).

## III. Settlement Potential

The Parties have held preliminary settlement discussions and may seek to hold a settlement conference with a Magistrate Judge at a later date.

## IV. Magistrate Judge

The Parties have conferred and do not agree to try this matter in front of a United States Magistrate Judge.

## V. Fact Depositions

At this time, the Parties agree that each Party may take up to eight (8) non-expert depositions. However, if a Party believes that fact depositions of other individuals pursuant to Fed. R. Civ. P. 30 and 45 are necessary based on their respective investigations of, discovery in, and litigation of this case, the Party will promptly file an appropriate motion seeking permission from this Court.

## VI. Interrogatories

At this time, the Parties do not anticipate they will need to serve more than thirty (30) interrogatories, including parts and subparts, on each Party.

## VII. Requests for the Production of Documents

The Parties agree that the exchange of written requests for the production of documents and responses shall be conducted pursuant to Fed. R. Civ. P. 34, including the specific requirements governing electronic documents.

The parties are in the process of meeting and conferring regarding custodians, search terms, the related volume of data for review, and timelines for productions to allow for the timely completion of discovery by December 11, 2026.

## VIII. Requests for Admissions

The Parties agree that the exchange of written requests for admission shall be conducted pursuant to Fed. R. Civ. P. 36.

## IX. Expert Witnesses

The Parties agree that the expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be made as follows:

- October 19, 2026: Greystone's disclosures;
- November 13, 2026: Defendants' disclosures; and
- December 4, 2026: Greystone's rebuttal to any new material raised in Defendants' disclosures.

## X. Subpoenas

The Parties reserve their rights to conduct discovery through the use of subpoenas pursuant to Fed. R. Civ. P. 45 as is indicated by each Party's investigation of, discovery in, and litigation of this case. Any Party that serves a subpoena on a third party will serve a copy of the subpoena upon the other Parties as soon as practicable after service has been made on the third party. Any Party that receives documents from a third party pursuant to a subpoena shall promptly make those documents available to the other Parties, at the other Parties' cost.

## XI. Serving and Filing Pleadings, Motions, and Other Papers

Service and filing of pleadings in this case shall adhere to the United States District Court for the Eastern District of Virginia Electronic Case Filing Policies and Procedures Manual. The

Parties agree that all pleadings, motions, and other papers that are filed electronically through the Court's CM/ECF system are deemed served electronically as provided by the Federal Rules of Civil Procedure and Local Rules. If a Party files a pleading, motion, or other paper under seal, that Party shall serve on counsel for the other Parties, via e-mail, a complete copy contemporaneously with the sealed filing.

Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the Parties agree that service of notices of deposition, discovery requests, written responses to discovery, other discovery notices and any other papers not required to be filed with the Clerk of Court will be accepted by electronic means ("e-mail"), and that service is complete upon and on the day of transmission provided that the document is transmitted at or prior to 11:59 p.m. Eastern time. E-mails to Greystone shall be sent to jon.talotta@hlc.com and samuel.yergin@hlc.com, e-mails to Defendants shall be sent to nmdepalma@venable.com, tschapman@venable.com, crschreiber@venable.com, and tjgleason@venable.com, and emails to King shall additionally be sent to irosenberg@fluet.law and moleary@fluet.law. The serving Party shall attach the pleading or paper being served electronically in portable document format (".pdf") to the e-mail. Discovery requests served pursuant to Fed R. Civ. P. 33, 34, or 36 shall be made available in an editable format readable in Microsoft Word upon request.

Any attachments to discovery, to deposition notices or to other documents not filed with the Clerk of Court shall also be e-mailed or sent by means of an electronic file-share service, including for example secure file transfer. For the avoidance of doubt, as to documents that are sent by electronic file-share service, service is completed upon successful transmission of an e-mail notification to the receiving Party that the documents are available for download. The Parties also agree and acknowledge, pursuant to Fed. R. Civ. P. 5(b)(2)(E), that service by e-mail is not

effective if the Party making service receives any type of communication that the document(s) being served was not received by the intended recipient. In such a case, service must be made as soon as practicable after receipt of such communication, by messenger or overnight mail and shall be considered effective upon receipt by either method. No waiver of objections shall be inferred, nor shall a Party assert that a deadline was missed, if service made pursuant to this method and necessitated by an electronic notification that the document(s) being served was/were not received by the intended recipient is/are received within three (3) business days of such deadline.

## XII. Disclosure or Discovery of Electronically Stored Information ("ESI")

The Parties agree to cooperate in the exchange of ESI in a reasonable manner to mitigate the expense of production. Absent agreement of the Parties or other good cause shown, ESI is to be exchanged as required by the attached ESI Protocol.

## XIII. Claims of Privilege or Protection of Trial Preparation Materials

If a privilege or privileges are asserted as to any document or information requested in discovery, the Party shall provide a privilege log setting forth the information required by Fed. R. Civ. P. 26(b)(5)(A). The Parties expect to make rolling productions of documents and agree that they will produce privilege logs as soon as practicable after the substantial completion date of their respective document productions and before the close of discovery. The Parties further agree that they will produce initial privilege logs by no later than October 12, 2026. Neither Party shall have the obligation to record on a privilege log communications taking place after the date the initial Complaint in this case was filed either (i) between the Parties and their in-house or outside counsel, except to the extent such communications are copied, sent to, or received from, non-parties or non-Party employees, or (ii) between the Parties or their in-house or outside counsel and vendors or

other companies contracted to provide support or assistance to the Party and/or counsel in this litigation.

The Parties have agreed that inadvertent production or disclosure of materials subject to a claim of privilege or work product protection shall not cause a waiver of such privilege or protection. In the event that either Party inadvertently produces documents or materials subject to a claim of such privilege or protection, the Parties will comply with Fed. R. Civ. P. 26(b)(5)(B). As noted below in Section XVII, the Parties are preparing a protective order to be submitted to the Court, and the Parties will incorporate their agreement contained in this Section XIII in such protective order to be entered under Fed. R. Evid. 502. Upon entry of this protective order, any conflict or inconsistency between the Protective Order and this Section XIII will be governed by the Protective Order.

## XIV. Preservation of Discoverable Information

The Parties have addressed the matter of preservation of discoverable information, including electronically stored information, and did so prior to the filing of this Plan. Each Party believes that it has taken reasonable steps to preserve all such information that may be discoverable under Fed. R. Civ. P. 26(b) and agrees to preserve all discoverable information until final judgment or dismissal with prejudice is entered in this case.

## XV. Completion of Discovery

The Parties agree that discovery must be completed by December 11, 2026, pursuant to the Court's Order (Dkt. 44). All written discovery shall be served in time to assure that it is answered before the deadline for the completion of discovery. The Parties agree that discovery should not be conducted in phases or limited in advance to particular issues but shall be subject to the right of either Party to object to particular discovery requests in accordance with the applicable rules.

## XVI. Summary Judgment

The Parties agree that Fed. R. Civ. P. 56 and Local Civil Rule 56 shall govern motions for summary judgment. The Parties will seek the Court's guidance on a deadline for motions for summary judgment.

## XVII. Protective Order

The Parties are currently drafting a proposed protective order to govern the disclosure of confidential information or information that should otherwise be protected from disclosure outside of this litigation, as well as inadvertent production of privileged information. The Parties shall submit a proposed protective order for Court approval on or before September 16, 2026. Any provision in the proposed protective order concerning the filing of documents under seal will comply with Local Civil Rule 5.

## XVIII. Other Matters

### A. Dispositive Motions

All dispositive motions shall be governed by Local Rule 7.

### B. Motions in Limine

Motions *in limine* shall be filed so that they mature for hearing on or before the Friday before trial.

### C. Witness List, Exhibits (objections), and Stipulations

These matters are addressed in this Court's Order (Dkt. 44), which sets the Final Pretrial Conference for Thursday, December 17, 2026, at 10:00 a.m. The Parties shall exchange their witness lists and shall provide full electronic copies, with exhibit stamps, of their proposed trial

exhibits prior to the Final Pretrial Conference. The Parties shall file their objections to the other Party's witnesses/trial exhibits on or before December 28, 2026.[1]

**D. Amendment of Pleadings**

Amendment of the pleadings by any party will be governed by the applicable Federal Rules of Civil Procedure.

**E. Modification of this Plan**

Notwithstanding the Parties' agreement to the terms of this plan, each side reserves the right to seek further modification of this plan under the Federal Rules of Civil Procedure and the Local Rules for good cause shown.

Date: August 28, 2026

By: *__/s/ Jon M. Talotta________*
Jon M. Talotta (VSB No. 44590)
Samuel W. Yergin (VSB No. 93862)
HOGAN LOVELLS CADWALADER US LLP
8350 Broad Street, 17th Floor
Tysons, VA 22102
Tel: 703-610-6100
Fax: 703-610-6200
jon.talotta@hlc.com
samuel.yergin@hlc.com

Michael E. DeLarco (*pro hac vice*)
HOGAN LOVELLS CADWALADER US LLP
390 Madison Ave.
New York, NY 10017
Tel: 212-918-3000
Fax: 212-918-3100
michael.delarco@hlc.com

By: *__/s/ Nicholas M. DePalma ______*
Nicholas M. DePalma (VSB No. 72886)
Taylor S. Chapman (VSB No. 81968)
Christian R. Schreiber (VSB No. 89544)
T.J. Gleason (VSB No. 99361)
VENABLE LLP
1850 Towers Crescent Plaza, Suite 400
Tysons, VA 22182
Tel: (703) 760-1600
Fax: (703) 821-8949
nmdepalma@venable.com
tschapman@venable.com
crschreiber@venable.com
tjgleason@venable.com

*Counsel for Defendants CWCapital Asset Management LLC and David King*

Isaac B. Rosenberg (VSB No. 77262)
FLUET & ASSOCIATES, PLLC
1751 Pinnacle Dr., Suite 1000

[1] While the date 10 days after the final pretrial conference is December 27, 2026, this date is a Sunday.

Andrew T. Simmons (*pro hac vice*)
HOGAN LOVELLS CADWALADER US LLP
1735 Market St., Twenty-third Floor
Philadelphia, PA 19103
Tel: 267-675-4600
Fax: 267-675-4601
andrew.simmons@hlc.com

*Counsel for Plaintiff Greystone Servicing Company LLC*

Tysons, VA 22102
Tel: (703) 590-1234
Fax: (703) 590-0366
irosenberg@fluet.law

*Counsel for Defendant David King*